Philip R. Rudd (SBN 014026)
Philip.Rudd@SacksTierney.com
Wesley D. Ray (SBN 026351)
Wesley.Ray@SacksTierney.com
James S. Samuelson (SBN 017471)
samuelson@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Facsimile: 480.970.4610
*Attorneys for Reorganized Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| In re: | Chapter 11 Proceedings |
|---|---|
| DELTA MECHANICAL INC.<br>NEVADA DELTA MECHANICAL, INC.<br>CD PLUMBING INC.<br>ARIZONA DELTA MECHANICAL, INC.<br>CALIFORNIA DELTA MECHANICAL, INC.<br>GEORGIA DELTA MECHANICAL, INC.<br>NEW MEXICO DELTA MECHANICAL, INC.<br>COLORADO DELTA MECHANICAL INC.<br>CAROLINA DELTA MECHANICAL, INC.<br>FLORIDA DELTA MECHANICAL, INC.<br>TEXAS DMI, INC.<br>DELTA MECHANICAL, INC.<br><br>Debtors. | Case No. 2:15-bk-13316-GBN<br>Case No. 2:15-bk-13327-GBN<br>Case No. 2:15-bk-13328-GBN<br>Case No. 2:15-bk-13330-GBN<br>Case No. 2:15-bk-13331-GBN<br>Case No. 2:15-bk-13332-GBN<br>Case No. 2:15-bk-13334-GBN<br>Case No. 2:15-bk-13335-GBN<br>Case No. 2:15-bk-13336-GBN<br>Case No. 2:15-bk-13339-GBN<br>Case No. 2:15-bk-13341-GBN<br><br>Joint Administration Under<br>Case No. 2:15-bk-13316-GBN |
| This filing applies to:<br><br>☐ ALL DEBTORS S<br><br>☒ ALL REORGANIZED DEBTORS<br><br>DELTA MECHANICAL INC.<br>NEVADA DELTA MECHANICAL, INC.<br>ARIZONA DELTA MECHANICAL, INC.<br>CALIFORNIA DELTA MECHANICAL, INC.<br>GEORGIA DELTA MECHANICAL, INC.<br>COLORADO DELTA MECHANICAL INC.<br>CAROLINA DELTA MECHANICAL, INC.<br>FLORIDA DELTA MECHANICAL, INC. | **MOTION FOR ENTRY OF A FINAL DECREE AND AN ORDER CLOSING THE REORGANIZED DEBTORS' BANKRUPTCY CASES** |

Delta Mechanical Inc., Nevada Delta Mechanical, Inc., Arizona Delta Mechanical, Inc., California Delta Mechanical, Inc., Georgia Delta Mechanical, Inc., Colorado Delta Mechanical, Inc., Carolina Delta Mechanical, Inc., and Florida Delta Mechanical, Inc., (collectively, the "Reorganized Debtors"), through counsel undersigned, hereby move the Court to enter a final decree and close their bankruptcy cases pursuant to § 350(a) of the United States Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure. This motion is supported by the following memorandum of points and authorities.

**I. FACTUAL BACKGROUND**

1. On October 19, 2015, the Reorganized Debtors, along with certain affiliates, filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona.

2. On November 5, 2015, the Court entered an order approving the joint administration of the bankruptcy cases of the Reorganized Debtors and their debtor affiliates.

3. On June 2, 2017, the *First Amended Plan of Reorganization Dated June 2, 2017 as Amended* (the "Plan") and the attendant disclosure statement (the "Disclosure Statement") were filed.

4. On January 31, 2018, the Court entered its *Order Confirming First Amended Joint Plan of Reorganization Dated June 2, 2017 as Amended* (the "Confirmation Order") modifying and confirming the Plan.

5. The Confirmation Order was never appealed.

6. No other appeals deriving from this case are currently pending, although there is the possibility of a future appeal relating to a prior ruling by the Court regarding pre-confirmation fees and costs incurred by Schian Walker, P.L.C., Keegan, Linscott & Kennon, P.C., and Kirk McCarville, P.C.

7. The Plan, as modified by the Confirmation Order, reorganized the Reorganized Debtors, and called for the dismissal of the bankruptcy cases of certain debtor affiliates (the "Dismissed Debtors").

8. The previously pending bankruptcy cases of the Dismissed Debtors have been dismissed.

9. With the possible exception of certain fees which Polsinelli P.C. ("Polsinelli") may assert to be owed under the Plan, the Reorganized Debtors have paid, as required by the Plan or in accordance with an agreement reached with the implicated claimant, all of the authorized administrative expenses of the Reorganized Debtors' bankruptcy estates.

10. The Reorganized Debtors have been in contact with Polsinelli regarding the fees it alleges to be payable, and expect to receive and invoice, and to come to an agreement on payment terms, in the near future.

11. Subsequent to entry of the Confirmation Order, the Reorganized Debtors filed objections (the "Claim Objections") to more than one hundred claims.

12. To the Reorganized Debtors' knowledge, only one claim objection, filed in connection with a claim asserted by AmTrust North America, on behalf of Wesco Insurance Company and Technology Insurance Company (the "AmTrust Claim Objection"), remains unresolved.

13. A negotiated resolution of the AmTrust Claim Objection has been reached, and the Reorganized Debtors expect a stipulation evidencing that resolution to be filed in the near future.

14. Upon approval of the stipulation resolving the AmTrust Claim Objection, all of the Claim Objections will have been resolved.

15. During the course of the Reorganized Debtors' bankruptcy proceedings, they initiated five adversary proceedings (Case Nos. 2:17-ap-00674, 2:17-ap-00675, 2:17-ap-00676, 2:17-ap-00677 and Case No. 2:17-ap-00678, the "Adversary Proceedings").

16. All of the Adversary Proceedings have been resolved and concluded.

17. Upon information and belief, the adversary proceeding commenced by the Official Committee of Unsecured Creditors, Case No. 2:16-ap-00226, has been resolved and is only awaiting the lodging of a dismissal order.

18. On, or about, July 13, 2016, Reorganized Debtor California Delta Mechanical, Inc. ("California Delta") initiated a collection action in the Superior Court of California, County of Los

3
Case 2:15-bk-13316-GBN    Doc 1539    Filed 06/27/19    Entered 06/27/19 13:25:18    Desc
Main Document    Page 3 of 10

Angeles, against Professional Services Corporation and Plaza Towers Condominium Association (the "Plaza Towers Litigation").

19. Certain defendants in the Plaza Tower Litigation have asserted counterclaims against California Delta.

20. California Delta asserts that some, if not all, of the claims asserted against it in the Plaza Towers Litigation were discharged upon confirmation of the Plan, and has filed a motion in the Plaza Towers Litigation requesting a ruling to that effect.

21. Although the Reorganized Debtors do not currently foresee the need for this Court to enter any orders relating to the Plaza Towers Litigation, they reserve their right to reopen their bankruptcy cases and seek relief in the future, if that proves necessary.

22. Other than the Plaza Towers Litigation, the Reorganized Debtors are not aware of any legal proceedings in which they anticipate a need for this Court to become involved.

23. The Plan, as ultimately amended, appointed Peter S. Davis, C.P.A., by and through Simon Consulting, L.L.C. as agent for the unsecured creditors (the "Unsecured Creditor Agent").

24. The Unsecured Creditor Agent is in place and, to the Reorganized Debtors' knowledge, performing the duties allotted to him under the Plan.

25. The Reorganized Debtors have been cooperating with the Unsecured Creditor Agent to address concerns that have been expressed to date, and will continue to cooperate with the Unsecured Creditor Agent to address any concerns that may arise in the future.

26. To date, the Reorganized Debtors have, in accordance with the Plan, made distributions to creditors holding allowed claims and entitled to receive distributions under the Plan in the amount of approximately $1,600,000.

27. Additionally, as provided for in the Plan, Chrome, Inc. ("Chrome") has liquidated, or is in the process of liquidating, two pieces of real estate to support the payments called for under the Plan.

28. Upon information and belief, the condemnation of a piece of real estate owned by Chrome and known as the "Signal Butte Property" resulted in the payment of approximately $1,000,000 to one of the Reorganized Debtors' secured creditors (*See* Dkt.# 1483).

29. Upon information and belief, another piece of real estate owned by Chrome and known as the "Gilbert Property" is under contract and, upon closing, will result in another substantial payment to the Reorganized Debtors' creditors (*See* Dkt. # 1509).

30. Since entry of the Confirmation Order, the Reorganized Debtors submit that they have maintained substantial compliance with the terms and conditions of the confirmed Plan.

31. The Reorganized Debtors have filed, or will file, all required post-confirmation reports and will promptly pay any unpaid fees owing to the United States Trustee's office.

32. In light of the foregoing, and of the ongoing financial burden presented by the fees payable to the United States Trustee's office, the Reorganized Debtors do not believe that there is any need for its bankruptcy case to remain open.

33. The Reorganized Debtors submit that their estates have been fully administered, and that a final decree should be entered in their Chapter 11 cases.

## II. LEGAL ARGUMENT

The closure of a reorganized debtor's bankruptcy case is governed by 11 U.S.C. § 350(a), which provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Rule 3022 of the Federal Rules of Bankruptcy Procedure similarly provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." In assessing a request to close a bankruptcy case, Courts have often considered the factors enunciated in the advisory committee note to Rule 3022.

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the Reorganized Debtors or the successor of the Reorganized Debtors under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been
SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

finally resolved. Fed. R. Bankr. P. 3022, Advisory Committee Note (1991).

In these cases, the aggregation of the aforementioned factors weighs heavily in favor of the entry of a final decree for the Reorganized Debtors.

- The Confirmation Order was entered on January 31, 2018, was never appealed, and is therefore plainly final.

- No deposits were required to be posted or distributed under the Plan.

- The only real estate proposed to be transferred under the Plan are the Signal Butte Property and the Gilbert Property, and they have been, or are in the process of, being liquidated in support of the Plan.

- The Reorganized Debtors have continued and fully assumed the management of the debtors' business operations and affairs.

- All of the payments required to be made on the effective date of the Plan were made in accordance with the Plan or an agreement with the implicated claimant. The Reorganized Debtors are making payments to creditors as they become due under the Plan, or as otherwise agreed, and intend to continue to do so.

- All of the Adversary Proceedings and Claim Objections have been, or will soon be, resolved. The only legal action in which the Bankruptcy Court may need to become involved in the future is the Plaza Towers Litigation and, if the need arises, this case may be re-opened to the extent necessary for this Court to issue any future rulings necessary.

Based upon all the foregoing, the Reorganized Debtors submit that their estates have been fully administered, within the meaning of 11 U.S.C. § 350(a), and nothing in the Reorganized Debtors' reorganization or the continued implementation of the Plan requires an open administrative bankruptcy case or justifies the continued accrual of fees payable to the United States Trustee's office.

**WHEREFORE**, the Reorganized Debtors respectfully requests that this Court enter a final decree and close the above-captioned jointly-administered Chapter 11 cases, while reserving

jurisdiction to decide any issues relating to the Plaza Towers Litigation, or any other matter relating to the implementation or interpretation of the Plan, should the need arise.

DATED: June 27, 2019

SACKS TIERNEY P.A.

By: /s/ Wesley D. Ray
Philip R. Rudd
Wesley D. Ray
James S. Samuelson
*Attorneys for Reorganized Debtors*

**COPY** of the foregoing mailed (or served via electronic notification if indicated by an "*") on June 27, 2019, to:

Patty Chan * Patty.Chan@usdoj.gov
U.S. TRUSTEE'S OFFICE
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003

Peter Davis * PDavis@simonconsulting.net
SIMON CONSULTING, L.L.C.
3200 North Central Ave., Ste. 2460
Phoenix, AZ 85012
  *Unsecured Creditor Agent*

Benjamin W. Reeves * breeves@swlaw.com
Anthony T. King * aking@swlaw.com
Courtney L. Henson * chenson@swlaw.com
SNELL & WILMER LLP
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
  *Attorneys for Corporate Fleet Leasing LLC*

Abigail V. O'Brient * aobrient@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
  *Attorneys for H.G. Fenton Development Company LLC*

Dale C. Schian * bkdocket@biz.law
Cody J. Hess
Nathan T. Mitchler
SCHIAN WALKER, P.L.C.
1850 N. Central Avenue, Ste. 900
Phoenix, AZ 85004-4531
  *Attorneys for Tudor "Tony" Kitchukov*

W. Scott Jenkins, Jr. *
scott.jenkins@quarles.com
Alissa A. Brice * Alissa.brice@quarles.com
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
  *Attorneys for Wells Fargo Bank N.A.*

John Clemency * jclemency@polsinelli.com
Janel M. Glynn * jglynn@polsinelli.com
Lindsi M. Weber * lweber@polsinelli.com
POLSINELLI
One East Washington St., Ste. 1200
Phoenix, AZ 85004-2568
  *Attorneys for the Official Committee of Unsecured Creditors*

L. Chance Oliver * bankruptcy@reyeslaw.com
ANGEL REYES & ASSOCIATES, PC
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
  *Attorneys for Ocwen Loan Servicing, LLC as attorney in fact and servicer in fact for U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1*

| | | |
|---|---|---|
| 1 | Sean P. O'Brien * spobrien@gustlaw.com<br>GUST ROSENFELD P.L.C. | David N. Ingrassia * david.ingrassia@cox.net<br>DAVID N. INGRASSIA, P.C. |
| 2 | One E. Washington, Suite 1600<br>Phoenix, AZ 85004-2553 | 3961 E. Chandler Blvd., Suite 111-119<br>Phoenix, AZ 85048 |
| 3 | *Attorneys for BMO Harris Bank NA* | *Attorneys for Isuzu Finance of America, Inc.* |
| 4 | Steven M. Cox *<br>smcox@waterfallattorneys.com | Ryan J. Lorenz * rlorenz@clarkhill.com<br>CLARK HILL PLC |
| 5 | WATERFALL, ECONOMIDIS, CALDWELL,<br>HANSHAW & VILLAMANA, P.C. | 14850 North Scottsdale Road, Suite 500<br>Scottsdale, AZ 85254 |
| 6 | 5210 E. Williams Circle, 8th Floor<br>Tucson, AZ 85711 | *Attorneys for APCO, Inc.* |
| 7 | *Attorneys for Ally Financial* | |
| 8 | Robert J. Berens * rberens@smtdlaw.com<br>SALAMIRAD, MORROW, TIMPANE & DUNN LLP | T. Josh Judd * judd@hooverslovacek.com<br>HOOVER SLOVACEK LLP |
| 9 | 2001 E. Campbell Avenue, Suite 203<br>Phoenix, AZ 85016 | 5051 Westheimer, Suite 1200<br>Galleria Tower II |
| 10 | *Attorneys for the Class Members in the Kitec Fitting Litigation Class Members* | Houston, TX 77056<br>*Attorneys for Leasing Associates* |
| 11 | | |
| 12 | Gary J. Jaburg * gjj@jaburgwilk.com<br>Mark D. Bogard * mdb@jaburgwilk.com | Howard I. Camhi * hcamhi@ecjlaw.com<br>ERVIN COHEN & JESSUP, LLC |
| 13 | JABURG & WILK, P.C.<br>3200 N. Central Avenue, 20th Floor | 9401 N. Wilshire Blvd., Ninth Floor<br>Beverly Hills, CA 90212-2974 |
| 14 | Phoenix, AZ 85012<br>*Attorneys for Ferguson Enterprises, Inc. dba Air Cold Supply* | *Attorneys for Ervin Cohen & Jessup, LLC* |
| 15 | | |
| 16 | Christopher R. Kaup * crk@tblaw.com<br>TIFFANY & BOSCO, P.A. | Alan C. Hochheiser *<br>ahochheiser@mauricewutscher.com |
| 17 | Camelback Esplanade II, Seventh Floor<br>2525 E. Camelback Road | MAURICE WUTSCHER LLP<br>2000 Auburn Drive, Suite 200 |
| 18 | Phoenix, AZ 85016-4237<br>*Attorneys for Leasing Associates* | One Chagrin Highlands<br>Beachwood, OH 44122 |
| 19 | | *Attorneys for AmTrust North America, Inc. on behalf of Wesco Insurance Company* |
| 20 | Marian Garza<br>* ecfnotices@ascensioncapitalgroup.com | Steven N. Berger * snb@eblawyers.com<br>Bradley D. Pack * bdp@eblawyers.com |
| 21 | Bankruptcy Servicer for Compass Bank<br>Ascension Capital Group | ENGELMAN BERGER, P.C.<br>3636 North Central Avenue, Suite 700 |
| 22 | P.O. Box 201347<br>Arlington, TX 76006 | Phoenix, AZ 85012<br>*Attorneys for Gateway Commercial Bank* |
| 23 | | |
| 24 | John P. Dillman *<br>Houston_bankruptcy@publicans.com | Coleen P. Schoch * coleen.schoch@usdoj.gov<br>Assistant U.S. Attorney |
| 25 | LINEBARGER GOGGAN BLAIR ET AL<br>1301 Travis, #300 | US ATTORNEY'S OFFICE FOR THE DISTRICT OF AZ<br>40 N. Central Ave., Ste. 1200 |
| 26 | Houston, TX 77002<br>*Attorneys for Harris County* | Phoenix, AZ 85004<br>*Attorneys for the Internal Revenue Service* |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Thomas Caudill * law.caudill@sbcglobal.net<br>THE LAW OFFICE OF THOMAS CAUDILL | Scott D. Fink * sfink@weltman.com<br>WELTMAN, WEINBERG & REIS CO., L.P.A. |
| 2 | 1025 North Fourth Street<br>San Jose, CA  95112-4942 | Lakeside Place, Suite 200<br>323 W. Lakeside Avenue |
| 3 | *Attorneys for T&A Supply, Inc.* | Cleveland, OH  44113-1099<br>*Attorneys for World Omni Financial Corp.* |
| 4 | | |
| 5 | Alan A. Meda * ameda@bcattorneys.com<br>BURCH & CRACCHIOLO, P.A. | Daniel Garrison * dan@andantelaw.com<br>ANDANTE LAW GROUP, PLLC |
| 6 | 702 E. Osborn Rd., Ste. 200<br>Phoenix, AZ  85014 | Scottsdale Financial Center I<br>4110 North Scottsdale Rd., Ste. 330 |
| 7 | *Attorneys for Zions Credit Corporation* | Scottsdale, AZ  85251<br>*Attorneys for Equipment Leasing Services, LLC* |
| 8 | Ted Cundick * tec@princeyeates.com<br>PRINCE YEATES & GELDZAHLER | Michael W. Carmel *<br>Michael@mcarmellaw.com |
| 9 | 15West South Temple, Suite 1700<br>Salt Lake City, UT  84101 | MICHAEL W. CARMEL, LTD.<br>80 East Columbus Avenue |
| 10 | *Attorneys for Zions Credit Corporation* | Phoenix, AZ  85012-2334<br>*Attorneys for Chrome, Inc.* |
| 11 | | |
| 12 | Stanley M. Hammerman *<br>minute_entry@hammerman-hultgren.com | Melissa A. Haselden *<br>haselden@hooverslovacek.com |
| 13 | Jon R. Hultgren<br>HAMMERMAN & HULTGREN, P.C. | Kathy Mayle * mayle@hooverslovacek.com<br>HOOVER SLOVACEK LLP |
| 14 | 3101 N. Central Avenue, Suite 500<br>Phoenix, AZ  85012 | 5051 Westheimer, Suite 1200<br>Galleria Tower II |
| 15 | *Attorneys for Central Mutual Insurance Co. and Accident Fund General* | Houston, TX  77056<br>*Attorneys for Leasing Associates* |
| 16 | Ryan Browne * ryan@reyeslaw.com<br>ATTORNEY AT LAW | Joan S. Huh * joan.huh@cdtfa.ca.gov<br>Tax Counsel III |
| 17 | 5950 Berkshire Lane, Ste. 410<br>Dallas, TX  75225 | California State Board of Equalization<br>Legal Department |
| 18 | *Attorneys for Ocwen Loan Servicing, LLC* | 450 N Street, MIC; 82<br>Sacramento, CA  95814 |
| 19 | | *Attorneys for California State Board of Equalization* |
| 20 | Bradley J. Stevens * bstevens@jsslaw.com<br>JENNINGS, STROUSS & SALMON, P.L.C. | Lawrence E. Wilk * lew@jaburgwilk.com<br>JABURG & WILK, P.C. |
| 21 | One East Washington St., Suite 1900<br>Phoenix, AZ  85004-2554 | 3200 North Central Ave., Suite 2000<br>Phoenix, AZ  85012-2420 |
| 22 | *Attorneys for James E. Raftery, CPA, PC* | *Attorneys for Home Depot* |
| 23 | Emma Lehmann<br>c/o Erick Finch | Devon J. Eggert * deggert@freeborn.com<br>Elizabeth L. Janczak * ejanczak@freeborn.com |
| 24 | MORRIS ANDERSON<br>716 S. Jones Boulevard | FREEBORN & PETERS LLP<br>311 South Wacker Drive, Ste. 300 |
| 25 | Las Vegas, NV  89107 | Chicago, IL  60606<br>*Attorneys for Reorganized Debtors s Pro Hac Vice* |
| 26 | | |
| 27 | | |
| 28 | | |

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

| | | |
|---|---|---|
| 1 | Heating & Cooling Supply LLC<br>c/o Germaire Distributors LLC | Carolyn R. Tatkin * tatkin@radixlaw.com<br>RADIX LAW, PLC |
| 2 | Attention: John Rebescher / 13342<br>2151 West Hillsboro Blvd., Ste. 400 | 15205 N. Kierland Blvd., Suite 200<br>Scottsdale, AZ 85254 |
| 3 | Deerfield Beach, FL 33442 |   *Attorneys for Cool Ace Air* |
| 4 | Jaime Avila and Heather Fiske<br>353 Sacramento St. | Leslie K. Harrach *<br>leslie.harrach@harrachlw.com |
| 5 | San Francisco, CA 94111 | HARRACH LAW<br>2390 E. Camelback Rd., Ste. 130 |
| 6 | | Phoenix, AZ 85016<br>  *Attorneys for AmTrust North America, Inc. on* |
| 7 | | *behalf of Wesco Insurance Company and*<br>*Technology Insurance Company Inc.* |
| 8 | | |
| 9 | Dennis D. Dressler *<br>ddressler@dresslerpeters.com | Claudio E. Iannitelli * cei@imlawpc.com<br>IANNITELLI MARCOLINI, PC |
| 10 | DRESSLER & PETERS, LLC<br>70 W. Hubbard Street, Suite 200 | 5353 North 16th Street, Suite 315<br>Phoenix, AZ 85016 |
| 11 | Chicago, IL 60654<br>  *Attorneys for Isuzu Finance of America, Inc.* |   *Attorneys for Cheifetz Iannitelli Marcolini,*<br>*P.C. and OUTFRONT Media, LLC* |
| 12 | | |
| 13 | By: /s/ Cathie Bernales | |

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693