**SCHIAN WALKER, P.L.C.**
1850 NORTH CENTRAL AVENUE, #2010
PHOENIX, ARIZONA 85004-4531
TELEPHONE: (602) 277-1501
DALE C. SCHIAN, #010445
EMAIL: dale@biz.law
SCOTT R. GOLDBERG, #015082
EMAIL: scott@biz.law
*Attorneys for the Reorganized Debtors*

Email for electronic service and
Court documents: bkdocket@biz.law

HARRACH LAW
LESLIE K. HARRACH, ESQ., #023560
2390 E. CAMELBACK RD., STE. 130
PHOENIX AZ 85016
EMAIL: leslie.harrach@harrachlaw.com
*Attorneys for AmTrust North America, Inc.
on behalf of Wesco Insurance Company and
Technology Insurance Company Inc.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DELTA MECHANICAL INC.; NEVADA DELTA MECHANICAL, INC.; CD PLUMBING INC.; ARIZONA DELTA MECHANICAL, INC.; CALIFORNIA DELTA MECHANICAL, INC.; GEORGIA DELTA MECHANICAL, INC.; NEW MEXICO DELTA MECHANICAL, INC.; COLORADO DELTA MECHANICAL INC.; CAROLINA DELTA MECHANICAL, INC.; MICHIGAN DELTA MECHANICAL, INC.; FLORIDA DELTA MECHANICAL, INC.; TEXAS DMI, INC.; and DELTA MECHANICAL, INC.,<br><br>Debtors. | Case No. 2:15-bk-13316-GBN<br><br>Chapter 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>2-15-bk-13316    2-15-bk-13327<br>2-15-bk-13328    2-15-bk-13330<br>2-15-bk-13331    2-15-bk-13332<br>2-15-bk-13334    2-15-bk-13335<br>2-15-bk-13336    2-15-bk-13338<br>2-15-bk-13339    2-15-bk-13341<br>2-15-bk-13342<br><br>**STIPULATION FOR ALLOWANCE OF GENERAL UNSECURED CLAIM** |
| THIS FILING APPLIES TO:<br><br>   _X_   All Debtors<br>   ____   Specified Debtors | |

The above-captioned Reorganized Debtors (defined below) and AmTrust North America, on behalf of Wesco Insurance Company and Technology Insurance Company (collectively "**AmTrust"** and with the Reorganized Debtors, the "**Parties**"), hereby stipulate and agree as follows:

**I.	RECITALS**

1. The Debtors initiated their bankruptcy cases on October 19, 2015 by filing petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. AmTrust issued a worker's compensation policy (the "**Policy**") (ending in 4467) to Debtor California Delta Mechanical Inc. ("**California Delta**") that was in effect from June 2, 2014 through June 2, 2015 (the "**California Policy**").

3. The premiums paid on the California Policy were subject to adjustment based upon audit results to determine the actual number of employees and total payroll covered under the California Policy during its effective period.

4. AmTrust filed an original proof of claim (the "**Amtrust Claim**") [Claim No. 52] on or about February 8, 2016 in the bankruptcy cases based upon an original audit of the California Policy. The original audit indicated that California Delta owed an additional $79,484 in premiums under the California Policy.

5. A second audit was conducted of the California Policy, which indicated that the payroll for California Delta was 1005% higher than had been originally estimated. The second audit indicated an additional premium liability was owed under the California Policy. AmTrust amended the amount of the AmTrust Claim on November 16, 2016 to $494,000 to account for

1. the results of the Second Audit.

6. AmTrust also issued a worker's compensation policy (ending in 9652) to Debtor Nevada Delta Mechanical Inc. ("**Nevada Delta**"), that was in effect from 2013 through 2014 (the "**Nevada Policy**"). A final audit of the Nevada Policy reflected a balance that Nevada Delta owed to AmTrust of $25,198.

7. AmTrust also issued a worker's compensation policy (ending in 0362) to Debtor Florida Delta Mechanical Inc. ("**Florida Delta**") that was in effect from December 2013 through December 2014 (the "**Florida Policy**"). A final audit of the Florida Policy reflected a balance that Florida Delta owed to AmTrust of $25,198.

8. On April 25, 2017, AmTrust again amended the AmTrust Claim to indicate a total liability owing under the California Policy, the Nevada Policy, and the Florida Policy of $603,164.

9. On June 15, 2018, the Reorganized Debtors filed an objection to the April 25, 2017 amended AmTrust Claim (the "**Objection**") [DE 1316].

10. On January 31, 2018, this Court, entered an order (the "**Confirmation Order**") [DE 1192] confirming the *First Amended Joint Plan of Reorganization Dated June 2, 2017* (the "**Plan**") [DE 864].

11. The Plan provided for the reorganization of California Delta, Nevada Delta, and Florida Delta and other related entities (the "**Reorganized Debtors**").

12. The Plan became effective on January 31, 2018 (the "**Effective Date**").

13. Unsecured Claims were treated in Class 11 of the Plan pursuant to the (a)

Confirmation Order, and (b) the *Stipulation in Aid of Confirmation Among Plan Proponents, Plan Debtors, and Official Committee of Unsecured Creditors* (the "**Committee Stipulation**" and with the Plan and the Confirmation Order, the "**Plan Documents**") [DE 1189].

14. The Plan and the Confirmation Order provided that no distribution would be made on account of an unsecured claim that was subject to an unresolved objection ("**Disputed Claims**"). The AmTrust Claim was a Disputed Claim. The Plan provided for reserves to be established to pay Disputed Claims pending their allowance in whole or part. *See* Plan at § VII.D.

15. The Confirmation Order at ¶ 22(d) required that distributions to unsecured creditors holding allowed claims be set forth in distribution notices to be filed with the Court (the "**Distribution Notices**"). The Distribution Notices also described the amounts reserved to pay Disputed Claims pending their allowance.

16. Distribution Notices were filed with the Court [DE 1442, 1488, 1522, and 1538]. The June 25, 2019 Distribution Notice [DE 1538] indicated that a cumulative reserve of $22,892.37 had been reserved to pay the AmTrust Claim based upon its asserted and disputed amount of $603,164.

17. The Parties enter into this Stipulation to fully and finally resolve all of AmTrust's claims in the bankruptcy cases. The Parties desire to resolve their disputes on the terms and conditions set forth in this Stipulation to avoid litigation risks and expenses.

**II. STIPULATION**

18. The Recitals set forth above are true and correct and are incorporated herein by

this reference without any distinction or difference.

19. AmTrust shall have an allowed general unsecured prepetition claim in the amount of $450,000 (the "**Allowed AmTrust Claim**") payable in accordance with the Plan Documents.

20. None of the Debtors, the Reorganized Debtors, their bankruptcy estates, and/or their property shall be liable to AmTrust for any liability occurring on or before the Effective Date on account of the three policies that comprise AmTrust Claim as amended; or on account of any other policy or on account of any other claim against the bankruptcy estates of the Debtors or Reorganized Debtors arising on or before the Effective Date. Except with respect to distributions to be made on account of the Allowed AmTrust Claim as provided in this Agreement, AmTrust shall not receive any other distribution under the Plan Documents. AmTrust shall be unconditionally and irrevocably subject to and bound by the release, discharge, and injunction provisions contained in the Plan Documents.

21. The Reorganized Debtors shall distribute to AmTrust on the next distribution date an amount equal to the cumulative sum that AmTrust would have received on the prior distribution dates had its claim been allowed in the amount of $450,000 on the Effective Date, plus a regular pro rata payment as required under the Plan Documents based upon an allowed claim of $450,000.

22. The Parties shall be deemed to have drafted this Stipulation, and the rule of law that any ambiguity shall be construed against the drafting party shall not apply to this Stipulation.

23. This Stipulation binds and inures to the benefit of the Parties and their successors

and assigns.

24. The Parties shall pay their own respective attorneys' fees and costs.

25. The Bankruptcy Court shall have exclusive jurisdiction to enter a final order or judgment determining any dispute related to this Stipulation.

26. No further notice or hearing related to this Stipulation is required pursuant to §VII.C of the Plan. In an abundance of caution, however, this Stipulation has been noticed pursuant to Local Bankruptcy Rule 9013-1. If no objection to the Stipulation is timely filed, then pursuant to Local Bankruptcy 9013-1 a form of order approving the Stipulation will be lodged with the Court for entry.

WHEREFORE, the Parties request that the Court enter an order approving this Stipulation.

DATED this 2nd day of July, 2019.

**SCHIAN WALKER, P.L.C.**

By  /s/SCOTT GOLDBERG, #015082
     Dale C. Schian
     Scott Goldberg
     *Attorneys for the Reorganized Debtors*

**HARRACH LAW**

By  /s/SCOTT GOLDBERG, with permission of
     Leslie K. Harrach
     *Attorneys for AmTrust North America, Inc.*
     *on behalf of Wesco Insurance Company and*
     *Technology Insurance Company Inc.*